OPINION
Appellant Colleen Boord appeals the decision of the Holmes County Court, Small Claims Division, which granted judgment in favor of Appellee Kenneth D. Mills in a loan dispute. The relevant facts leading to this appeal are as follows.
In September 2000, appellant and Lisa Mills made plans to open a retail shop in Berlin, Ohio, specializing in folk art. Appellant and Lisa arranged a one-year building lease, with the rent to be calculated based on a percentage of gross sales. Lisa thereafter provided the initial payment for rent deposit. According to appellant, the business initially struggled, especially during the post-Christmas winter months of 2001. By April, 2001, Lisa wanted to end the venture. Appellee, Lisa's husband, filed a small claims action on August 28, 2001, seeking money he apparently loaned to appellant to purchase merchandise and commence business operations, in the amount of $2259.80 plus interest.
Following a hearing on October 3, 2001, in the Holmes County Court, a judgment was entered in favor of appellee. Appellant timely appealed, and herein raises the following three Assignments of Error:
 I. THE JUDGE WAS SARCASTIC ABD (SIC) SHOWED PREJUDICE DURING THE TRIAL, WHICH IS CONTRARY TO LAW AND CONSTITUTES PREJUDICIAL ERROR.
 II. THE COURT BASED MUCH OF ITS DECISION ON FALSE STATEMENTS BY APPELLEE'S WIFE, WHICH IS CONTRARY TO LAW AND CONSTITUTES A REVERSIBLE ERROR.
 III. APPELLEE DID NOT PRODUCE ENOUGH EVIDENCE TO PROVE APPELLANT OWED THE MONEY HE CLAIMED. THE COURTS (SIC) DECISION WAS IN FAVOR OF APPELLEE, WHICH IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
In her First Assignment of Error, appellant argues that the trial judge acted in a prejudicial manner during the proceedings. The Ohio Legislature has provided a procedure in R.C. 2701.031 whereby a party to an action may seek to disqualify a municipal or county court judge for prejudice:
 (A) If a judge of a municipal or county court allegedly is interested in a proceeding pending before the judge, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the judge or to a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the judge, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of court in which the proceeding is pending.
 (B) An affidavit of disqualification shall be filed under this section with the clerk of the court in which the proceeding is pending not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled * * *.
* * *
The record indicates no attempt on appellant's part to follow the proper procedure to disqualify a county court judge. Appellant's First Assignment of Error is therefore overruled.
 II
In her Second Assignment of Error, appellant argues that the court based its decision on allegedly false testimony given by Lisa Mills. We first note, as we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. More importantly, however, we observe that appellant has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A). A notation in the clerk's docket sheet indicates "no transcript available in small claims court." Nonetheless, appellant failed to submit in lieu thereof a statement of evidence pursuant to the procedures outlined in App.R. 9(C). Therefore, this Court "has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197,199.
Appellant's Second Assignment of Error is overruled.
 III
In her Third Assignment of Error, appellant argues that the trial court's decision was against the manifest weight the evidence. In applying a manifest weight standard of review, our role is to determine whether there is relevant, competent and credible evidence upon which a fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,281. As per our discussion above, in the absence of the transcript or a statement of the evidence pursuant to App.R. 9(C), we presume the validity of the trial court's review of the evidence presented. Knapp,supra.
Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Small Claims Court, Holmes County, Ohio, is hereby affirmed.
By: WISE, J. HOFFMAN, P.J., and GWIN, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Small Claims Court of Holmes County, Ohio, is affirmed.
Costs to appellant.